UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

STEVE MATTISON,

      Plaintiff,

v.                                        Case No: 5:14-cv-187-Oc-29PRL

H. WILLIAMS, Officer and A.
PEREZ, Officer,

      Defendants.

_____

**<u>OPINION AND ORDER</u>**

This matter comes before the Court upon a motion to dismiss filed by Defendant A. Perez on November 13, 2014 (Doc. 23). Plaintiff has filed a response to the motion (Doc. 25), and the motion is now ripe for review.

Plaintiff Steve Mattison ("Plaintiff"), proceeding *pro se*, initiated this action as a prisoner at the Suwannee Correctional Institution Annex in Live Oak, Florida by filing a complaint pursuant to 42 U.S.C. § 1983 (Doc. 1, filed March 31, 2014).  In his complaint, Plaintiff sues correctional officers H. Williams and A. Perez of the Lake Correctional Institution (Doc. 1 at 1) based upon these defendants' alleged unconstitutional strip search of Plaintiff which resulted in Defendant Perez' inappropriate contact with Plaintiff's genitals. <u>Id.</u>

For the reasons set forth in this Opinion and Order, Defendant Perez' motion is **GRANTED**, and the complaint will be dismissed without prejudice.

## I.   Pleadings

In his complaint, Plaintiff asserts that on January 7, 2013, Defendants H. Williams and A. Perez rushed into Plaintiff's cell and ordered him to strip (Doc. 1 at 6).[1]  When Plaintiff refused, Defendant Perez told him to put his hands on the wall and pulled Plaintiff's shirt over his head. Id.  Plaintiff did not resist. Defendant Perez gave Plaintiff's shirt to Defendant Williams to search. Id. at 7.   When Defendant Perez attempted to remove Plaintiff's pants, he began to struggle. Id.  Defendant Perez "overpowered" Plaintiff "and aggressively grabbed [his] genital area." Id.  Plaintiff "gave in" and took his pants off and allowed the defendants to complete the strip search. Id.

After the incident, Plaintiff was in fear for his life "for over one month" (Doc. 1 at 7).  He was afraid to eat and sleep where the defendants worked. Id.  The incident has caused severe mental anguish to Plaintiff. Id. Plaintiff asserts that the defendants violated his Fourth Amendment right to be free from "excessive, vindictive, [and] harassing" strip searches and his Eighth Amendment right to be free from cruel and unusual punishment. Id. at 5. Plaintiff seeks $50,000 from Defendant

---

[1] Plaintiff asserts that the defendants were searching for a "flex" pen (Doc. 1 at 7).

Williams "to compensate the plaintiff for his role in the unreasonable search and seizure and allowing Officer A. Perez to aggressively touch the plaintiff's genital area." Id. at 8.  He seeks $150,000 from Defendant Perez "for his role in the unreasonable search and seizure and the mental anguish he caused the plaintiff when he aggressively touched the plaintiff's genital area." Id.

Defendant Perez has filed a motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Doc. 23).  Defendant Perez asserts that Plaintiff has failed to state a claim because a prisoner's Fourth Amendment rights are not violated when prison officials conduct inmate strip searches "by policy or procedure." (Doc. 23 at 3).  Defendant Perez argues that this is "especially true since Plaintiff readily admits he refused Defendant Perez' command to strip and then he 'put up a struggle.'" Id.  Defendant Perez notes that it was only after Plaintiff refused the order to strip and struggled with the defendants did he (Perez) take further action to gain Plaintiff's compliance (Doc. 23 at 4).  Defendant Perez further argues that he is entitled to qualified immunity because it is not clearly established that Perez could not "aggressively grab" Plaintiff's genital area to get him to cooperate in the search. Id. at 5.

Plaintiff responded to the motion to dismiss by arguing that the defendants violated prison policy by entering Plaintiff's crisis stabilization unit cell (Doc. 25).

Because Plaintiff's complaint is dismissed pursuant to 42 U.S.C. 1997e(e) and for Plaintiff's failure to reveal his litigation history, it is unnecessary for this Court to address Defendant Perez' arguments or Plaintiff's responses thereto.

## II.  Standard of Review

On a motion to dismiss, this Court accepts as true all the allegations in the complaint and construes them in the light most favorable to the plaintiff. Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1262-63 (11th Cir. 2004).  Further, this Court favors the plaintiff with all reasonable inferences from the allegations in the complaint. Stephens v. Dep't of Health & Human Servs., 901 F.2d 1571, 1573 (11th Cir. 1990) ("On a motion to dismiss, the facts stated in [the] complaint and all reasonable inferences therefrom are taken as true.").  However, the Supreme Court explains that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations and quotation marks omitted).  Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court, referring to its earlier decision in Bell Atlantic Corp. v. Twombly, illustrated a two-pronged approach to motions to dismiss. First, a reviewing court must determine whether a Plaintiff's allegation is merely an unsupported legal conclusion that is not entitled to an assumption of truth.  Next, the court must determine whether the complaint's factual allegations state a claim for relief that is plausible on its face. Iqbal, 556 U.S. at 679.

In the case of a *pro se* action, the Court should construe the complaint more liberally than it would pleadings drafted by lawyers. Hughes v. Rowe, 449 U.S. 5, 9 (1980).

## III. Analysis

### A. Defendant H. Williams is dismissed from this case pursuant to Rule 4(m) of the Federal Rules of Civil Procedure[2]

On September 24, 2014, service of process was returned unexecuted against Defendant H. Williams (Doc. 19).  On September

---

[2] Rule 4(m) of the Federal Rules of Civil Procedure states in pertinent part:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m) (2012).

30, 2014, the Court directed the Florida Department of Corrections to provide a forwarding address for this defendant (Doc. 20).  In response, the Department notified the Court that there were no personnel records for H. Williams at Lake Correctional Institution, but they did locate a M. Williams that was employed at the prison (Doc. 21).  The Court then ordered Plaintiff to either provide Defendant H. Williams' current address or amend his complaint to reflect the proper name of the defendant (Doc. 22). Plaintiff was told that his failure to do so would result in the dismissal of this defendant from the action pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Id.  Plaintiff neither updated Defendant Williams' address nor sought to amend his complaint to reflect a different defendant.  The 120-day period in which to serve this defendant expired on July 25, 2014, and Plaintiff has not requested an extension of time for service.

Accordingly, Defendant H. Williams is dismissed from this action under Federal Rule of Civil Procedure 4(m) because he was not served within 120 days after filing, and Plaintiff neither attempted to show good cause for the failure to serve nor asked for an extension of time to serve this defendant.

B.   **Plaintiff's claims for compensatory and punitive damages are dismissed pursuant to 42 U.S.C. § 1997e(e)**

Having reviewed the complaint and the applicable law, the Court concludes that Plaintiff's claims for compensatory or punitive damages must be dismissed because he does not allege that

he suffered physical injury or was the victim of a "sexual act" as

that term is defined by federal law. The pertinent statute

provides:

> No Federal civil action may be brought by a
> prisoner confined in a jail, prison, or other
> correctional facility, for mental or emotional
> injury suffered while in custody without a
> prior showing of physical injury or the
> commission of a sexual act (as defined in
> section 2246 of Title 18).

42 U.S.C. § 1997e(e). Here, Plaintiff alleges that he suffered

"severe mental anguish," but not physical injury (Doc. 1 at 7).

Plaintiff does assert that Defendant Perez "aggressively touched

[his] genital area" (Doc. 1 at 8), but does not allege a "sexual

act" as defined in 18 U.S.C. § 2246.[3]  That section defines a

"sexual act" as:

> (A)  contact between the penis and the vulva
> or the penis and the anus, and for purposes of
> this subparagraph contact involving the penis
> occurs upon penetration, however slight;
>
> (B)  contact between the mouth and the penis,
> the mouth and the vulva, or the mouth and the
> anus;
>
> (C)  the penetration, however slight, of the
> anal or genital opening of another by a hand
> or finger or by any object, with an intent to

---

[3] The language "or the commission of a sexual act (as defined in section 2246 of Title 18)" was added to the end of this subdivision pursuant to Pub. L. 113-4, § 1101(b), and became effective March 7, 2013. Because it does not affect the outcome, the Court assumes, without deciding, that the amendment applies to Plaintiff's claims, which arose from conduct which occurred on January 7, 2013, before the effective date, but which are asserted in the complaint signed on March 27, 2014, after the effective date of the provision.

> abuse, humiliate, harass, degrade, or arouse
> or gratify the sexual desire of any person; or
>
> (D)  the intentional touching, not through the
> clothing, of the genitalia of another person
> who has not attained the age of 16 years with
> an   intent   to   abuse,   humiliate,   harass,
> degrade,  or  arouse  or  gratify  the  sexual
> desire of any person;

18 U.S.C. § 2246(2).   Construing the allegations in Plaintiff's

complaint as true, none indicate that any of the foregoing events

transpired. Plaintiff's allegations would more appropriately be

considered "sexual contact" as that term is defined in the statute:

> the   term   "sexual   contact"   means   the
> intentional   touching,   either   directly   or
> through the clothing, of the genitalia, anus,
> groin, breast, inner thigh, or buttocks of any
> person with an intent to abuse, humiliate,
> harass,  degrade,  or  arouse  or  gratify  the
> sexual desire of any person.

18 U.S.C. § 2246(3).   However, in order for a prisoner plaintiff

to recover damages in federal court, the defendant must do more

than initiate "sexual contact"; rather, the conduct complained of

must constitute a "sexual act." 42 U.S.C. § 1997e(e). The fact

that § 2246 differentiates between these two types of conduct, and

that § 1997e(e) expressly makes only a "sexual act" actionable,

clarifies that the conduct about which Plaintiff complains does

not fall within the scope of conduct covered by 18 U.S.C. §

2246(2).

The Eleventh Circuit's decision in Hughes v. Lott, 350 F.3d

1157 (11th Cir. 2003), which allows a case to proceed if the

plaintiff seeks only nominal damages, does not save Plaintiff's

complaint from dismissal. Id. at 1162 (holding that § 1997e(e) does not bar suits by prisoners who have not alleged a physical injury if they seek nominal damages). Plaintiff's complaint cannot be liberally construed as requesting nominal damages, because he specifically requests *only* damages of $50,000 and $100,000 against the defendants. See Sears v. Rabion, 97 F. App'x 906 (11th Cir. 2004) (affirming district court's *sua sponte* dismissal of complaint under § 1997e(e), noting that plaintiff's complaint could not be liberally construed as requesting nominal damages, because he specifically requested compensatory and punitive damages); Qualls v. Santa Rosa Cnty. Jail, Case No. 3:10cv54/MCR/MD, 2010 WL 785646, at *3 n. 1 (N.D. Fla. Mar. 4, 2010)(dismissing the plaintiff's complaint as it "cannot be liberally construed as requesting nominal damages, because he specifically requested only $250,000 in compensatory and/or punitive damages"); Harrison v. Myers, Case No. 10–0566–KD–N, 2011 WL 3204372, at *7 (S.D. Ala. July 13, 2011)(prisoner's request of $2,500 was not for nominal damages inasmuch as nominal damages implies a mere token or trifling).

Moreover, even if Plaintiff could argue that he has stated a claim for nominal damages, federal courts have ruled that brief, isolated contact with an inmate's genitals during a pat-down search, such as the one Plaintiff describes, does not state an Eighth Amendment violation. See Sherwood v. Schofield, Case No. 2:12-cv-50, 2013 WL 3943542 at *5 (E.D. Tenn. July 30, 2013)

- 9 -

(groping of genitals during one, routine pat-down search is insufficient to state claim); Young v. Brock, Case No. 10-cv-01513-WJM-CBS, 2012 WL 385494, at *4 (D. Colo. Feb. 7, 2012) (where officer allegedly fondled and squeezed inmate's genitals during pat-down search, "caselaw is clear that such a single pat-down search cannot be said to violate the Constitution") (citing similar cases); Tuttle v. Carroll Co. Det. Ctr., Case No. 2:10-12-DCR, 2010 WL 2228347, at *2 (E.D. Ky. June 2, 2010) (inmate's privacy and dignity were not violated when officer grabbed and squeezed his testicles during single pat-down search); Morton v. Walker, 545 F. App'x 856, 860 (11th Cir. 2013) ("To prove an Eighth Amendment violation based on sexual abuse, a prisoner must show that he suffered an injury that was objectively and sufficiently serious and that the prison official had a subjectively culpable state of mind.")(citing Boxer X. v. Harris, 437 F.3d 1107, 1111 (11th Cir. 2006); compare Washington v. Hively, 695 F.3d 641, 642 (7th Cir. 2012) ("The plaintiff alleges that he complained vociferously to the defendant about the pat down and strip search while they were going on, to no avail. We don't see how the defendant's conduct if correctly described by the plaintiff could be thought a proper incident of a pat down or search[.]").

Finally, the assertions by Plaintiff that the defendants violated prison policy by entering his crisis stabilization cell does not save this complaint from dismissal.  A violation of a jail's rules, regulations, and/or policies, without more, does not

give rise to a federal constitutional violation. Robinson v.

Conner, Case No. 2:12-CV-397-TMH, 2012 WL 2358955 (M.D. Ala. May

31, 2012) (citing Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th

Cir. 1986)); see also Doe v. School Bd. of Broward Cnty., Fla.,

604 F.3d 1248, 1265 (11th Cir. 2010) ("[A] § 1983 plaintiff must

allege a specific federal right violated by the defendant.").

    **C.    Plaintiff's complaint is subject to dismissal because of his failure to honestly apprise the Court of his prior federal filings**

Plaintiff signed the instant complaint under penalty of

perjury on March 27, 2014 (Doc. 1 at 8).  Plaintiff was questioned

in Section III(B) of the complaint form whether he had "initiated

other lawsuits in federal court dealing with the same or similar

facts involved in this action or otherwise relating to your

imprisonment or conditions thereof?" (emphasis in original).

Plaintiff checked "No." Id. at 2.

The Court, however, has identified the following cases

brought by Plaintiff in federal court. In Case No. 6:12-cv-1349-

JA-GJK, Plaintiff complained that he suffered food poisoning from

consuming prison food and sought compensation for his pain and

suffering. The case was dismissed for Plaintiff's failure to

prosecute. Id. at Doc. 6. In case number 6:13-cv-1852-RBD-TBS,

Plaintiff filed a complaint predicated on the same events he

complains of in the instant case. The case was dismissed because

of Plaintiff's failure to file his complaint on the correct form

or to seek permission to proceed *in forma pauperis*. Id. at Doc. 3.

Providing false information to the court is, in-and-of itself, a valid ground for dismissing a complaint. See Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 226 (11th Cir. 2011) (prisoner's failure to disclose previous lawsuit constituted abuse of judicial process warranting sanction of dismissal of his pro se § 1983 action); Hood v. Tompkins, 197 F. App'x 818, 819 (11th Cir. 2006) (upholding dismissal based on abuse of judicial process for failing to disclose prior litigation and holding that "the district court was correct to conclude that to allow [Plaintiff] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process."); Shelton v. Rohrs, 406 F. App'x 340, 341 (11th Cir. 2010) (upholding district court's dismissal noting that "[e]ven if [Plaintiff] did not have access to his materials, he would have known that he filed multiple previous lawsuits."); Young v. Sec'y Fla. for Dep't of Corr., 380 F. App'x 939 (11th Cir. 2010) (same).

Accordingly, the claims raised in this complaint are also dismissed as a sanction for Plaintiff's failure to honestly reveal his litigation history.

**IV.  Conclusion**

Accordingly, it is now **ORDERED:**

1.  Defendant H. Williams is **dismissed** from this case without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

2.    The Motion to Dismiss filed by Defendant Perez (Doc. 23) is **GRANTED.** All claims against Defendant Perez are **dismissed** without prejudice.

3.    With no remaining defendants or claims, the **Clerk of Court** is directed to terminate any pending motions, close this case, and enter judgment accordingly.

**DONE and ORDERED** in Fort Myers, Florida on this ___5th___ day of February, 2015.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: All Parties of Record

- 13 -